UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ABRAHAM FRUCHTER & TWERSKY LLP,    :
                                    :
              Plaintiff,            :    05 Civ. 00039 (HB)
                                    :
        - v.-                       :    OPINION & ORDER
                                    :
U.S. SECURITIES AND EXCHANGE COMMISSION, :
                                    :
              Defendant.            :
------------------------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge:**

      Plaintiff Abraham Fruchter & Twersky LLP ("AF&T") brought this action against the U.S. Securities and Exchange Commission (the "SEC") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. Section 552, to compel disclosure of documents and records relating to the SEC's filing of an amicus brief and proposed amendments to Rules 16b-3(d) and 16b-7, 17 C.F.R. Sections 240.16b-3(d) and 240.16b-7. The SEC now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Oral argument was held on January 4, 2006. For the reasons set forth below, the SEC's motion is GRANTED.

## I. BACKGROUND

      AF&T is a law firm that represents plaintiffs in several pending actions seeking disgorgement of short-swing insider trading profits brought pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. Section 78p(b). Compl. ¶ 3. In one such action, Levy v. Sterling Holdings Co., 314 F.3d 106 (3d Cir. 2002), the Third Circuit narrowly interpreted the scope of exemptions provided by Rules 16b-3(d)[1] and 16b-7,[2] 17 C.F.R. Sections 240.16b-3(d) and 240.16b-7, and issued a decision unfavorable to the corporate defendants Sterling Holding Company and National Semiconductor Corporation. Compl. ¶¶ 3, 5-6. The defendants then lobbied the SEC to seek reversal of the Third Circuit's decision.

---

[1] Rule 16b-3(d) prescribes the conditions under which transactions that involve an acquisition from an issuer of securities—other than those transactions pursuant to an employee benefit plan—shall be exempted from the requirements of Section 16(b) of the 1934 Act.

[2] Rule 16b-7 exempts enumerated transactions from the provisions of Section 16(b) of the 1934 Act.

Id. ¶ 8. In so doing, the defendants acted through persons who had access and influence at the SEC, including one of their lawyers who had formerly been a member of the SEC staff. Id. ¶¶ 7-8.

On February 27, 2003, the SEC filed an amicus brief in support of the defendants' petition for rehearing. Id. ¶ 10. After the Third Circuit denied the petition and the Supreme Court denied the defendants' subsequent petition for a writ of certiorari, the case was remanded to the U.S. District Court for the District of Delaware. Id. ¶¶ 11-13. While the case was on remand, the SEC proposed a Rule (the "Proposed Rule") that clarified that the exemptive scope of Rules 16b-3(d) and 16b-7 was broader than the Third Circuit's interpretation in Levy. Id. ¶¶ 13-14.[3]

On October 28, 2004, AF&T filed this FOIA request to determine the "true nature of what transpired at the SEC" leading up to the promulgation of the Proposed Rule and the decision to file an amicus brief in Levy, and to investigate "influence peddling at an important government agency." 09/29/2005 Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Mem.") at 10. On January 5, 2005, after the SEC failed to produce the requested documents, AF&T filed its Complaint. See Def.'s Local Civil Rule 56.1 Statement of Undisputed Facts ("Def.'s 56.1") ¶ 3; Pl.'s Local Civil Rule 56.1 Statement of Undisputed Facts ("Pl.'s 56.1") ¶ 2. The SEC eventually produced over 1200 pages of documents responsive to AF&T's request but withheld 206 documents.[4] See Def.'s 56.1 ¶ 11.

The withheld documents relate both to the promulgation of the Proposed Rule and to the SEC's filing of the amicus brief. See 09/02/2005 Decl. of Celia Winter, FOIA Officer for the SEC ("Winter Decl."), Ex. C to 09/02/2005 Def.'s Mot. for Summ. J., ¶ 2. As to the former, the SEC has withheld: (i) drafts of the Proposed Rule; (ii) internal memoranda discussing the language of the Rule; (iii) internal e-mails; (iv) handwritten notes of an agency attorney; and

---

[3] The SEC adopted the Proposed Rule on August 9, 2005. See Ownership Reports and Trading by Officers, Directors and Principal Security Holders, 70 Fed. Reg. 46080 (August 9, 2005) (codified at 17 C.F.R. pts. 228, 229 & 240).

[4] AF&T contends that the SEC withheld 234 pages of documents. See Pl.'s 56.1 ¶ 11. At oral argument the SEC explained that there was an "overlap" of 28 pages that had been referenced twice in separate communications between the SEC and AF&T, thus accounting for the difference between the parties' calculation of the number of withheld pages. 01/04/2006 Transcript of Oral Argument ("Tr.") at 4.

(v) legal research. See id. ¶¶ 6-8, 11-13, 15, 19-21, 35-48. As to the latter, the SEC has withheld: (i) draft memoranda to the Commission from the Office of the General Counsel; (ii) legal research generated by the Office of the General Counsel; and (iii) internal e-mails from the Office of the General Counsel. See id. ¶¶ 9-10, 14, 16-18, 22-34. The SEC now moves for summary judgment on the ground that these documents are exempt from disclosure pursuant to FOIA's fifth exemption ("Exemption 5"), 5 U.S.C. 552(b)(5).

## II. DISCUSSION

FOIA is intended to "promote honest and open government and to assure the existence of an informed citizenry [in order] to hold the governors accountable to the governed." Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 355 (2d Cir. 2005) (quoting Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999)). To further this goal, FOIA "strongly favors" disclosure and requires federal agencies to make their records available upon request unless the documents fall within certain enumerated exemptions set forth in the Act. See id. Consistent with the intent of FOIA, these exemptions are narrowly construed. See id. at 355-56.

FOIA cases are generally resolved on summary judgment following the proper identification of the documents at issue. See N.Y. Pub. Interest Research Group v. United States EPA, 249 F. Supp. 2d 327, 331 (S.D.N.Y. 2003). "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." Inner City Press/Cmty. on the Move v. Bd. of Governors of the Fed. Reserve Sys., 380 F. Supp. 2d 211, 215 (S.D.N.Y. 2005) (quoting Carney v. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994)). "Affidavits or declarations . . . giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." Id. (quoting Carney, 19 F.3d at 812). The district court makes its determination de novo. See 5 U.S.C. § 552(a)(4)(B) (2005).

Here, the parties dispute whether the documents at issue are protected from disclosure under Exemption 5, which permits an agency to withhold "inter-agency or intra-agency memorandums [sic] or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (1996). Exemption 5 protects materials under the deliberative process privilege, work-product doctrine, and attorney-client privilege. See Nat'l Council of La Raza, 411 F.3d at 356. The SEC has withheld the documents

3

at issue on all three of these grounds, but primarily invokes the deliberative process privilege. See Def.'s 56.1 ¶ 12; Tr. at 9.

The deliberative process privilege is "a sub-species of work-product privilege that covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Tigue v. United States Dep't of Justice, 312 F.3d 70, 76 (2d Cir. 2002) (internal quotation marks and citations omitted). It is intended to promote candid discussion between agency officials and protect the quality of agency decisions. See Nat'l Council of La Raza, 411 F.3d at 356. The rationale behind this privilege is that "officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." Id. (quoting Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8-9 (2001)). To qualify for the privilege, the document must be both predecisional, i.e. "prepared in order to assist an agency decisionmaker in arriving at his decision," and deliberative, i.e. "actually . . . related to the process by which policies are formulated." Id. (quoting Grand Cent. P'ship, Inc., 166 F.3d at 482).

AF&T contends that the withheld documents are neither predecisional nor deliberative because both the amicus brief and the Proposed Rule purported to clarify long standing SEC policy rather than to express or formulate a new policy.[5] The SEC responds that its determinations whether to participate in litigation as amicus curiae or to make a public pronouncement concerning rulemaking are policy decisions. The SEC further asserts that the withheld documents were prepared to assist the Commission in making these decisions and, if the Commission decided to proceed, in determining what the content of the brief and Proposed Rule should be.

The SEC's arguments are persuasive. In Strang v. Collyer, the District of Columbia held that drafts of an amicus brief, notes taken at various agency meetings, and memoranda regarding analyses of issues in the case and proposed positions of an agency's members as to a petition for certiorari were protected by the deliberative process privilege. See id., 710 F. Supp. 9, 12

---

[5] This case is distinguishable from my recent decision in Bronx Defenders v. United States Department of Homeland Security, No. 04 CV 8576, 2005 WL 3462725 (S.D.N.Y. Dec. 19, 2005) which also involved the deliberative process privilege. There, however, the parties' dispute centered on whether the privilege had been destroyed because the documents at issue had been adopted or incorporated by reference into a final agency policy or decision. Here, that question is not reached because AF&T frames the argument in terms of whether the privilege applies at all when an agency clarifies pre-existing policy instead of articulates new policy.

(D.D.C. 1989). The court explained that the documents were predecisional because they were prepared before the agency took a final position, and deliberative in that they reflected the agency's group thinking in the process of working out its policy. See id. For the same reasons, the documents withheld here—which pertain to the feasibility of Commission participation in Levy and the analysis of legal arguments made in the case—fall within the deliberative process privilege.

In Pies v. United States Internal Revenue Service, the District of Columbia Circuit held that draft proposed regulations and a draft memorandum relating to a regulation were protected by the deliberative process privilege as they did not constitute the working law of the IRS. See id., 668 F.2d 1350, 1353 (D.D.C. 1989). The court noted that those were predecisional documents that reflected the process of agency "give and take." Id. Here, the withheld documents were drafts created by subordinates that provided advice to agency decisionmakers on whether to respond to the Third Circuit's decision in Levy by amending Rules 16b-3(d) and 16b-7, and what the language of the amendments should be. Indeed, the amended rules did not merely reiterate pre-existing policy as AF&T argues, but included new language that specified the boundaries of the exemptions permitted by those rules more precisely than before. See 17 C.F.R. § 240.16b-3 (providing that transactions shall be exempt if they meet enumerated conditions "whether or not intended for a compensatory or other particular purpose"); 17 C.F.R. § 240.16b-7 (stating that the exemption provided by that section "applies to any securities transaction that satisfies the conditions specified in this section and is not conditioned on the transaction satisfying any other conditions"). Moreover, the documents include the subordinates' observations and questions, precisely the type of candid discussion that the deliberative process privilege is designed to shield.

Because I conclude that the deliberative process privilege applies to the withheld documents, it is not necessary to consider whether the work-product doctrine and attorney-client privilege also apply.

## III. CONCLUSION

For the reasons set forth above the SEC's motion for summary judgment is granted. The Clerk of the Court is instructed to close this motion and remove this case from my docket.

SO ORDERED.
March 29, 2006
New York, New York

*[signature]*

**U.S.D.J.**